UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOHN M., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Commissioner of Social Security, <br><br> Defendant. | Case No.: 22-cv-1926-DEB <br><br> **ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS** <br><br> **DKT. NO. 2** |

Before the Court is Plaintiff Donald John M.'s Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Dkt. No. 2. A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a). The affidavit must "state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotations omitted). An affidavit is sufficient if it shows the applicant cannot pay the fee "and still be able to provide himself and dependents with the necessities of life." *Id.* (internal quotations omitted). However, an affidavit can also show an affiant is financially able, in whole or in part, to pay the fee. *See Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984) ("[T]he same even-handed care must be employed to

assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar.").

Plaintiff's Application states he is unemployed and receives a monthly disability payment of $3,517.84. Dkt. No. 2 at 1, 2. Plaintiff has $200.00 in cash and $200.00 in a checking account. *Id.* at 2. Plaintiff and his spouse's combined $3,513.60 monthly expenses consist of housing, utilities, food, clothing, laundry, medical and dental, transportation, car installment payments, home and vehicle insurance, and credit card payments. *Id*. at 4. Additionally, Plaintiff lists a 2020 Nissan Versa worth $16,500 as "[a]ssets owned by you or your spouse." *Id*. at 3.

Plaintiff's yearly income exceeds the federal poverty level.[1] This District's Civil Local Rules permit the Court, in its discretion, to "impose a partial filing fee which is less than the full filing fee that is required by law, but which is commensurate with the applicant's ability to pay." CivLR 3.2.d. The Court finds Plaintiff is able to pay a partial civil filing fee without depriving him of life's necessities. *See Ford v. Midland Funding LLC*, No. 19-cv-2349-JLS-AGS, 2020 WL 1506221, at *2 (S.D. Cal. Mar. 30, 2020) (denying motion to proceed *in forma pauperis* where "it appear[ed] that [p]laintiff still would be able to afford the necessities of life if required to pay the filing fee."). The Court has carefully reviewed Plaintiff's Application and supporting affidavit and determines that a filing fee of $200.00 is appropriate and commensurate with Plaintiff's ability to pay.

//
//
//
//

---

[1] *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Feb. 8, 2023) (listing the poverty level for a two-person household as $18,310). Plaintiff's current yearly income is $42,862. *See* Dkt. No. 2 at 2.

For the above reasons, The Court finds Plaintiff is not entitled to *in forma pauperis* status. The Court, therefore, DENIES Plaintiff's Application. Dkt. No. 2. The Court ORDERS Plaintiff to pay a partial filing fee of $200.00 within 30 days of the date of this Order.

**IT IS SO ORDERED**.

Dated:  February 8, 2023

_____
Honorable Daniel E. Butcher
United States Magistrate Judge